UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER WILLIAMS,

    Applicant,

v.                                       CASE NO. 8:23-cv-1784-SDM-AAS

WARDEN, Manatee County Jail,

    Respondent.
_____/

**O R D E R**

Williams applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges the validity of his continued detention beyond the deadline prescribed under Rule 3.134, Florida Rules of Criminal Procedure. Williams requests that he "be immediately released upon his own recognance [*sic*]." (Doc. 1 at 2)

Habeas relief under Section 2241 is the proper remedy because Williams represents that he is a pre-trial detainee. *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). Nevertheless, Williams cannot proceed with this action.

First, state rules of procedure are inapplicable in federal court, and relief under Section 2241 is limited to an action based on the violation of a constitutionally protected right. Whether Williams was formally charged by an information or indictment within the deadline established under state law asserts no constitutionally protected right.

Second, Williams cannot proceed in federal court before presenting a federal claim to the state courts — a process called exhaustion of state court remedies. Unlike Section 2254, which explicitly requires exhaustion, Section 2241 contains no statutory exhaustion requirement. Nevertheless, a party seeking relief under Section 2241 must present his federal claim to the state court before seeking relief in federal court, as *Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir. 1975), cogently explains:

> In discussing exhaustion in the habeas corpus context, few cases discern between pre-trial and post-trial situations. With respect to state prisoners, it is only in the post-trial setting that exhaustion has been mandated by statute, 28 U.S.C. § 2254(b). [Section] 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism. The distinction between § 2241, pre-trial exhaustion, and § 2254, post-trial exhaustion, is recognized and discussed in Justice Rehnquist's dissent in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). For our purposes, it is sufficient to recognize that, although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned.

*Accord Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring) (citing *Braden* and

*Moore*).  Williams fails to show that he has exhausted the available state court remedies before seeking relief in federal court under Section 2241.

Third, Williams's claim for entitlement to relief under Section 2241 is moot. This action is based on Williams's detention in June and July, 2021, not his present detention two years later.  Williams's present detention is for a violation of probation.[*]

The petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Williams and close this case.

ORDERED in Tampa, Florida, on August 31, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] This information is available online by searching under Williams's name at "https://www.manateesheriff.com/arrest_inquiries/index.php," the website for the Manatee County Sheriff's Office.